IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WALTER HENRY PRICE | § | |
| Petitioner, | § § § | |
| VS. | § § | NO. 3-12-CV-0702-L-BD |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § | |
| Respondent. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Walter Henry Price, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the motion should be summarily dismissed.

I.

In 1996, petitioner was convicted on four counts of aggravated robbery and one count of theft. Punishment was assessed at a total of 25 years confinement. His convictions and sentences were affirmed on direct appeal. *Price v. State,* Nos. 05-97-02094-CR, 05-97-02095-CR, 05-97-02096-CR, 05-97-02097-CR & 05-97-02098-CR (Tex. App. -- Dallas, July 24, 1999, pet. ref'd). Petitioner also challenged his convictions on collateral review in state and federal court. Two state writs were denied without written order. *Ex parte Price,* No. 45,149-01 (Tex. Crim. App. May 10, 2000); *Ex parte Price,* WR-45,149-13 (Tex. Crim. App. Mar. 4, 2009). Ten other state writs were dismissed for abuse of the writ. *Ex parte Price,* No. 45,149-02 (Tex. Crim. App. Sept. 19, 2001); *Ex parte Price,* No. 45,149-03 (Tex. Crim. App. Sept. 24, 2003); *Ex parte Price,* No.

45,149-04 (Tex. Crim. App. Sept. 24, 2003); *Ex parte Price,* No. 45,149-05 (Tex. Crim. App. Sept. 24, 2003); *Ex parte Price,* No. 45,149-06 (Tex. Crim. App. Sept. 24, 2003); *Ex parte Price,* No. 45,149-07 (Tex. Crim. App. Apr. 25, 2007); *Ex parte Price,* No. 45,149-08 (Tex. Crim. App. Apr. 25, 2007); *Ex parte Price,* No. 45,149-09 (Tex. Crim. App. Apr. 25, 2007); *Ex parte Price,* No. 45,149-10 (Tex. Crim. App. Apr. 25, 2007). A prior federal writ of habeas corpus was denied on the merits. *Price v. Cockrell,* No. 3-00-CV-1189-X, 2001 WL 1631503 (N.D. Tex. Dec. 17, 2001), *COA denied,* No. 02-10074 (5th Cir. Sept. 24, 2002).

Petitioner now argues that his continued confinement is unconstitutional because former Secretary of State Condoleezza Rice declared him an "indigenous sovereign" in 2006.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). A claim presented in a second or successive application under section 2254 must be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). That determination must be made by a three-judge panel of the court of appeals before petitioner files his application in federal district court. *Id.* § 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.[1]

III.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be summarily dismissed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] Even if the court had jurisdiction to consider petitioner's successive federal writ, it would be subject to summary dismissal because his claim of entitlement to immediate release based on his status as an "indigenous sovereign" is patently frivolous. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999), *quoting* Rules Governing Section 2254 Cases, Rule 4, Adv. Comm. Notes (noting that district court has a duty to "screen out frivolous [habeas] applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer").

DATED: March 9, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE