**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WALTER HENRY PRICE,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-702-L-BD** |
| | § | |
| **RICK THALER, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court is Walter Henry Price's ("Petitioner") writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed March 8, 2012. The case was referred to Magistrate Judge Jeff Kaplan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 9, 2012, recommending that the action be summarily dismissed for lack of jurisdiction due to Petitioner's failure to obtain an order from the Fifth Circuit Court of Appeals authorizing the district court to consider Petitioner's successive application for habeas relief. The magistrate judge also notes that even if the court had jurisdiction, Petitioner's successive federal writ would be subject to summary dismissal, because his claim of entitlement to immediate release, based on his status as an "indigenous sovereign," is patently frivolous. Report 3, n.1.

Petitioner filed objections to the Report on March 22, 2012. The objections, however, do not address the basis for dismissal recommended by the magistrate judge and are therefore **overruled.** Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the

magistrate judge are correct, and **accepts** them as those of the court.  Accordingly the court **denies** Walter Henry Price's writ of habeas corpus pursuant to 28 U.S.C. § 2254, and **dismisses** this action **without prejudice** for lack of jurisdiction.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**   **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 28th day of March, 2012.

                                                  Sam A. Lindsay
                                                  United States District Judge